FILED

December 18, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:04 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Randall Harper | ) Docket No. 2015-06-1067 |
| | ) |
| v. | ) |
| | ) State File No. 47262-2015 |
| USF Holland Trucking Company | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert Durham, Judge | ) |

---

## Affirmed and Remanded – Filed December 18, 2015

---

In this interlocutory appeal, the employee contends that he developed cellulitis from a spider or insect bite in a Michigan motel while in the course of his employment as a truck driver. Although the employee initially received authorized medical treatment, the employer ultimately denied the claim. Following a review of the record without an evidentiary hearing, the trial court determined that the employee had not presented sufficient proof of an injury arising primarily out of and in the course and scope of his employment to warrant the payment of benefits prior to trial. After a careful review of the record, we affirm.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Randall Harper, Lebanon, Tennessee, employee-appellant, pro se

Stephen Heard, Nashville, Tennessee, for the employer-appellee, USF Holland Trucking Company

### Factual and Procedural Background

Randall Harper ("Employee"), a fifty-two-year-old resident of Wilson County, Tennessee, worked for USF Holland Trucking Company ("Employer") as an over-the-

1

road truck driver. On June 16, 2015, Employee was staying in a motel in Michigan while on a route for Employer when he began to feel sick and lightheaded, and he informed his dispatcher that he would not be able to drive. The following morning, Employee was examined at a Michigan clinic called Med 1. Employee's affidavit submitted with his Request for Expedited Hearing reflects that he showed the attending physician a spot on his leg and the doctor informed him that he "had been bitten by something." He was prescribed antibiotics and released to drive home to see his primary care physician.

Employer instructed Employee to continue on his route. Thus, the following day, June 18, 2015, Employee was in Ohio when his condition worsened. He contacted Employer and was instructed to seek emergency medical care. Accordingly, he went to a hospital where he was admitted and given antibiotics. When he appeared at the emergency room, his chief complaint was "[t]here is something wrong with my leg. Not sure if I got bit by something or what." The treating physician at the hospital, Dr. Allison Dollman, noted that Employee reported feeling nauseated and fatigued. Employee informed Dr. Dollman that he was a truck driver and, when he removed his socks on June 17, 2015, he saw redness and swelling in his left leg. He denied having suffered any recent trauma or injury, though he did have a previous fracture in the same leg. Employee was diagnosed with cellulitis and a skin infection, and he remained in the hospital until June 20, 2015, at which time he was sent home for follow-up with his primary care physician.

Employee returned to Tennessee and was directed by Employer to see a physician at Concentra on June 22, 2015 for an evaluation of his ability to drive. The attending physician determined that Employee was at maximum medical improvement but restricted him from driving until he was cleared by his primary care physician as a result of "functional limitations."

On June 26, 2015, Employee saw his primary care physician, Dr. Lisa Kellogg, who kept him off work and referred him to Sumner Wound Care. Employee began treating with Dr. John Pinkston at Sumner Wound Care on June 30, 2015. Dr. Pinkston's record of that date reflects that Employee "got what was a small bite he thought on his left lower extremity. It became infected." Dr. Pinkston provided wound care through the end of July when, on July 31, 2015, he returned Employee to work without restrictions and placed him at maximum medical improvement.

Employer denied further benefits, and Employee filed a Petition for Benefit Determination. After performing a record review at Employee's request, the trial court denied benefits based on a finding that Employee had not presented sufficient evidence regarding whether he suffered an injury arising primarily out of and in the course and scope of his employment to prevail at a hearing on the merits. Employee appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employee has not filed a brief or position statement in support of his appeal as permitted by Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2015) and Section 5.1 of the Appeals Board's Practices and Procedures. Thus, the only indication we have of his position on appeal is a handwritten comment on the notice of appeal: "Med 1 doc's where [sic] never used to show initial problem (cause)." It is unclear exactly what Employee meant by this comment, but we infer that he means medical records from the Med 1 clinic in Michigan should have been considered by the trial court.

The record on appeal contains an exam report from Med 1 filed on November 4, 2015, one day before the trial court's decision was filed on November 5, 2015.[1] The report was not made an exhibit and is not otherwise mentioned in the trial court's decision. Indeed, the trial court's order reflects that, other than a prescription, the court was not provided with any records from Med 1. Based on his statement in the notice of appeal, Employee apparently believes that the Med 1 record filed on November 4, 2015 should have been considered by the trial court. Assuming for the sake of analysis Employee is correct, we find that the information contained in the Med 1 note merely

---

[1] The report reflects that Employee was examined on June 17, 2015 and had a "[r]ash secondary to some type of bite[.] Rx given for antibiotics for cellulitis [and Employee] is capable to drive back home."

3

corroborates other information in the record and its consideration likely would not have altered the outcome. Thus, any error in this regard was harmless error.

Other than the vague issue raised in the notice of appeal regarding the records from Med 1, Employee makes no argument as to how the trial court erred in deciding the case. Thus, we have no way of knowing the nature of his contentions on appeal. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as his counsel, something the law clearly prohibits us from doing. As explained by one court, appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to search the record in an attempt to discover errors that might benefit either party. *See McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

The trial court determined that Employee did not present sufficient evidence to establish that his cellulitis resulted from an insect bite or that such a bite, if one did occur, arose primarily out of and in the course and scope of his employment. While it is not necessary for an injured worker to prove every element of his or her claim by a preponderance of the evidence in order to obtain relief prior to trial at an expedited hearing, it is necessary for the injured worker to come forward with sufficient evidence from which the trial court can determine the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). The trial court concluded that Employee failed to meet that burden. The record does not preponderate against that finding. Thus, the trial court's decision is affirmed.

### Conclusion

For the foregoing reasons, we conclude that the evidence does not preponderate against the trial court's decision or violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

4

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board





**FILED**

**December 18, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 10:04 AM**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Randall Harper | ) | Docket No. 2015-06-1067 |
| | ) | |
| v. | ) | |
| | ) | State File No. 47262-2015 |
| USF Holland Trucking Company | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of December, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Randy Harper | | | | | X | randharper2@gmail.com |
| Stephen Heard | | | | | X | skheard@cornelius-collins.com |
| Robert Durham | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn,gov